Mr. Chief Justice ShaRKEy
delivered the opinion of the court.
This action was founded on a promissory note for two thousand dollars, made by Saunders, the plaintiff in error', payable to Richard Singleton, who transferred it by indorsement to Richardson, the defendant in error.' The defence set up was that the defendant below was only bound to pay the amount of the note, in the notes of certain banks, which had become greatly depreciated, and that the amount to be recovered should be the circulating value of the bank notes at the time of the maturity of the note sued on. The note on its face contains an absolute promise to pay money only, without qualification or condition, but the defence is raised by proof aliunde. Witnesses were introduced who proved that this was one of a parcel of notes given by Saunders, to secure the purchase money of a tract of land and a quantity of negroes and other property, sold by Singleton to Saunders. The deed to Saunders was then introduced without objection, which contains this clause; “ and the said Singleton agrees to and with the said Saunders to take in satisfaction of each and every of the aforesaid notes, the paper of the Planters, Commercial, and Agricultural Bank at Natchez; the Woodville Bank, the Union Bank, the Commercial Manchester Bank, or any bank notes as good as that of the aforesaid banks,” and under this clause it is that the defence is attempted to be set up. The defendant introduced a witness, and offered to prove'the discount or depreciation in the value of the notes of these banks; but to this the plaintiff objected, and the objection was sustained, and the witness was not permitted to state what the discount was.
We shall not controvert the rule contended for by the counsel for the plaintiff in error, that where a note on its face contains an agreement to pay so much in the notes of certain banks, that then *105 the defendant is liable only for the current value of such notes as he agreed to make payment in; though on that point even, the decisions in our sister states are somewhat conflicting. Nor is it necessary that we should now decide that to be the true rule, believing that if it even be so,, still this case would not fall within its operation. Taking for the present the law to be as stated, we shall endeavor to draw the distinction between this 'contract, and those which have given rise to the decisions cited. In cases of the description mentioned, the essence of the agreement was the thing to be paid. By common consent bank notes have been substituted as currency. They are necessarily liable to great fluctuation in value, and a note payable in such currency bears a striking analogy to an agreement to pay any other specific article. The extent of the obligation is the thing agreed to be paid. The obligee can only call for the payment of that thing, and the obligor is discharged when he pays it. Such contracts cannot be interpreted so as to enlarge the obligation. A failure to perform entitles the plaintiff to recover the value only, as equivalent to what he would have received on voluntary payment. The extent of the liability or undertaking is limited by the terms of the obligation. But this is not a note for so much, payable in a certain description of currency ; it is an absolute promise to pay so much money, which in legal effect obliged the maker to pay in money, which is gold and silver. The right claimed to pay in the notes of certain banks, or to limit the recovery to their value at the time of payment, is supposed to arise out of an instrument different from the contract to pay; it arises out of the clause in the deed above referred to. Does this clause constitute a part of the contract to pay, or a condition or limitation 1 It does not, as I conceive. Contracts in reference to the same subject-matter, entered into at the same time, are sometimes considered as parts of the same transaction, for the purpose of carrying out the intention of the parties; but these are not necessarily connected, nor does the intention of the party to be favored in the construction of the contract, require that they should be so considered. The agreement to take the bank notes in satisfaction constitutes no part of the defendant’s *106 contract to pay. It is an agreement made by Singleton in reference to an existing unconditional obligation, which in effect authorized the defendant below to extinguish that obligation by the payment of a thing different from that called for by the note. By the payment of so much in bank notes, the right to call for so much money was to be defeated. This provision in the deed then was simply a defeasance, by which is meant an instrument which defeats the force and operation of another separate instrument. If the holder of a bond covenant that on a particular day a less sum will be received in payment, this is a defeasance, and so it would be if instead of money he should covenant that some other specific thing should be received. These instances serve to illustrate this case. Singleton takes Saunders’s note for the payment of two thousand dollars, but at the same time covenants that in satisfaction he will take depreciated paper of less value than the amount due by the note. His agreement to take that description of paper does not seem to have been an inducement with the defendant below for entering into the contract, or he would not have bound himself to pay so much in money. The fair construction of Singleton’s contract is, that he would take, on the day of payment, the bank notes in satisfaction; not that he would hold himself bound to take them at any time afterwards, or that he would consider their current value the measure of his right of recovery if driven to a suit. No other construction can be given to his agreement, a time for payment being specified, and there being no enlargement as to time. A defeasance being for the benefit of the party in whose favor it is given, must be strictly performed, and it amounts to nothing unless the defendant is prepared to plead performance, or an offer to perform. If by the defeasance money is to be paid, the defendant must be prepared to plead a tender, because being but a condition on the performance of which the main contract is defeated, if the condition has not been performed or an offer to perform made, the principal contract remains absolute. 2 Saunders’s Rep. 47, note (I). The deduction is that Saunders lost the benefit of Singleton’s agreement by failing to pay or to *107 tender the bank notes at the maturity of his note. The court therefore decided correctly in ruling out testimony offered to prove the value of the bank notes, there being no plea of tender.

Judgment affirmed.